UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:23-cv-20009-MARTINEZ/BECERRA

TERRA TOWERS CORPORATION,
TBS MANAGEMENT, S.A., and
DT HOLDINGS, INC.,

      Plaintiffs,

v.

AMERICAN TOWER INTERNATIONAL, INC.,

      Defendant.

_____ /

## DEFENDANT'S AMENDED NOTICE OF REMOVAL

Defendant American Tower International, Inc. ("**ATI**" or "**Defendant**"), pursuant to 28 U.S.C. § 1446 and 9 U.S.C. §§ 202 and 205, and with full reservation of all defenses, files this Amended Notice of Removal of this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division. In support of this Amended Notice of Removal, Defendant states as follows:

## I.    BACKGROUND

1. On December 12, 2022, Plaintiffs Terra Towers Corporation ("**Terra**"), TBS Management, S.A. ("**TBS**"), and DT Holdings, Inc. ("**DTH**", together with Terra and TBS, "**Plaintiffs**"), filed a one-count civil complaint against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, under Case No. 2022-023487-CA-01 (the "**State Court Action**").

2. The State Court Action arises out of Defendant's alleged breach of contractual

obligations involving telecommunication tower developments in Latin America. *See* Compl. ¶ 1. The proposed transaction is referred to as "Project Codu". *Id.* at ¶ 11.

3.    There is presently pending before the American Arbitration Association International Centre for Dispute Resolution an arbitration proceeding (Case No. 01-21-0016-8070) involving some of the same entities who are also parties to, and affiliates of parties to, this action (the "**Arbitration**"). In the Arbitration, Plaintiff DTH and its affiliate Desarrolos Terrestres del Perú S.A. ("**DTP**") are respondents/counterclaimants and, together, have asserted a fraud-based counterclaim involving Project Codu against claimant/counterrespondents ATI and its affiliate ATC Sitios del Perú S.R.L ("**ATC**"). The facts and circumstances surrounding the allegations of DTH and DTP's counterclaim in the Arbitration are inextricably intertwined with those in Plaintiffs' State Court Action, and the tribunal's award and findings will address Project Codu.

## II.    REMOVAL TO THIS COURT IS TIMELY AND PROPER

### A.    Basis for Removal

4.    The subject matter of the State Court Action relates to a forthcoming arbitral award falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "**Convention**"), implemented by 9 U.S.C. § 201 *et seq.*

5.    9 U.S.C. § 205 provides for the removal of the State Court Action as follows:

> Where the subject matter of an action or proceeding pending in a State court *relates to an* arbitration agreement or *award falling under the Convention*, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. For the purposes of Chapter 1 of this title any action or proceeding removed under this section shall be

deemed to have been brought in the district court to which it is removed.

(emphasis added).

6.      This action is removable as of right under the Convention. *See Nipro Corp. v. Verner*, No. 19-62121, 2021 WL 8894430, at *3 (S.D. Fla. June 24, 2021) ("The Convention provides for removal where the subject matter of an action or proceeding pending in a state court related to an arbitration agreement or award falling under the Convention.") (cleaned up).

7.      The Arbitration involves, among other things, a counterclaim based on Project Codu that is asserted by DTH (a plaintiff in this action) and its affiliate DTP. In turn, the "arbitral award" that will emanate from the Arbitration will, undoubtedly, address, concern, and relate to Project Codu.

8.      9 U.S.C. § 202 explains that "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial . . . falls under the Convention" unless such "agreement or award aris[es] out of such a relationship which is entirely between citizens of the United States" and has no foreign elements.

9.      Plaintiffs are all foreign entities. Terra "is a company incorporated in the British Virgin Islands" with its registered office "located at Commerce House, Wickhams Cay 1, PO Box 3140, Road Town, Tortola, British Virgin Islands." Compl. ¶ 2. Plaintiff TBS "is a sociedad anónima organized under the laws of Panama." Compl. ¶ 3. Plaintiff DTH "is a company organized under the laws of Panama." Compl. ¶ 4. Therefore, the relationship between the parties is clearly not "entirely between citizens of the United States and there are significant foreign elements. *See* 9 U.S.C. § 202.

10.     In summary, the State Court Action is removable under 9 U.S.C. § 205 because the subject matter of the State Court Action "relates to" an award falling under the Convention that, at

minimum, could "conceivably affect[] the outcome of the case." *Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316, 1323 (11th Cir. 2018), rev'd on other grounds sub nom, *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637 (2020) ("We join the Fifth, Eighth, and Ninth Circuits and agree that the 'relates to' language of Section 205 provides for broad removability of cases to federal court."); *see also Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) ("[W]henever an arbitration agreement [or award] falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement 'relates to' to the plaintiff's suit."); *Infuturia Global Ltd. v. Sequus Pharms., Inc.*, 631 F.3d 1133, 1135, 1138 (9th Cir. 2011) ("Because an arbitration agreement or award falling under the Convention 'relates to' the subject matter of an action whenever it could conceivably affect the outcome of the plaintiff's suit, a district court does have removal jurisdiction over such a case. . . . The phrase 'relates to' is plainly broad, and has been interpreted to convey sweeping removal jurisdiction in analogous statutes.") (citations omitted); *Reid v. Doe Run Res. Corp.*, 701 F.3d 840, 843-44 (8th Cir. 2012) (joining the Fifth and Ninth Circuits and holding "that a case may be removed under § 205 if the arbitration could conceivably affect the outcome of the case").

**B.      Removal is Proper**

11.     This Amended Notice of Removal is timely filed under the Convention. *See* 9 U.S.C. § 205 (permitting removal "at any time before trial").

12.     ATI has not waived its right to remove the State Court Action. *See Ullrich v. Ullrich*, No. 21-147, 2021 WL 6884736, at *8 (M.D. Fla. Sept. 3, 2021) (embracing the "clear and unequivocal" standard regarding waiver of removal rights as set forth in *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 443-44 (5th Cir. 2009)).

13.     In compliance with 28 U.S.C. § 1446(a), this Amended Notice of Removal was

filed in the District Court of the United States for the district and division within which the State Court Action is pending.  The United States District Court for the Southern District of Florida, Miami Division, is the District Court and division embracing the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where the State Court Action was pending. 28 U.S.C. § 1441(a).

14.     By filing this Amended Notice of Removal, ATI does not waive and expressly reserves any rights and defenses to which it is otherwise entitled, including without limitation all procedural, jurisdictional, and substantive defenses, and ATI expressly reserves the right to assert all such defenses at a later time and to file counterclaims against Plaintiffs. By filing this Amended Notice of Removal, ATI does not concede that the allegations in the State Court Action state a valid cause of action or claim under any applicable law.

15.     In compliance with 28 U.S.C. § 1446(a), ATI previously filed a copy of all process, pleadings, and orders served upon it and filed in the State Court Action.  *See* D.E. 1-1, 1-2, 1-3.

16.     ATI has paid the required filing fee of $402.00. *See* D.E. 1.

WHEREFORE, Defendant American Tower International, Inc. hereby gives notice that the above-described civil action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, is discontinued and removed to the United States District Court for the Southern District of Florida, where it shall proceed as an action originally commenced therein.

Respectfully submitted,

 /s/ Richard D. Shane
Richard D. Shane, Esq. (FBN 70611)
Florida Bar No.: 70611
rdshane@duanemorris.com
DUANE MORRIS LLP
201 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Tel: (305) 960-2200

Evangelos Michailidis, Esq. (*pro hac vice* pending)
emichailidis@eisnerlaw.com
EISNER LLP
152 West 57th Street, 48th Floor
New York, New York 10019
Tel: (646) 876-2593

*Counsel for Defendant American Tower*
*International, Inc.*

DM1\13762829